# Exhibit 1

ELECTRONICALLY FILED
9/16/2025 2:11 PM
62-CV-2025-900067.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>62<br>Date of Filing: 09/16/2025<br>Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA**
**JOSHUA PRATT v. FEDEX CORPORATION ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ________

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** P ☐ **APPEAL FROM PROBATE COURT**
A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
SED004 9/16/2025 2:11:30 PM /s/ AYRN TUCKER
Date Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ **YES** ☐ **NO** ☑ **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ **YES** ☐ **NO**

ELECTRONICALLY FILED
9/16/2025 2:11 PM
62-CV-2025-900067.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA PRATT,** | * | |
| **Plaintiff,** | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ___________** |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * | **JURY TRIAL DEMANDED** |
| **Defendants.** | * | |

**COMPLAINT**

This is an action by Plaintiff, Joshua Brandon Pratt (herein after referred to as "Plaintiff"), against Defendants, Darien Montrice Thomas (herein after referred to as "Defendant Thomas"), and FedEx Corporation (herein after referred to as "Defendant FedEx") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about January 18, 2025.

**<u>PARTIES, JURISDICTION, VENUE</u>**

1. Plaintiff was a resident and citizen of Tallapoosa County, Alabama at all times material to the issues in this case.

2. Upon information and belief, Defendant FedEx is a corporation, doing business in Tallapoosa County, Alabama, at all times material to the issues in this case. Defendant FedEx

may be served through its registered agent, CT Corporation System, at 2 North Jackson St., Ste. 605, Montgomery, AL 36104.

3. Upon information and belief, Defendant Thomas is a resident and citizen of Muscogee County, Georgia at all times material to the issues in this case and an employee and/or agent of Defendant FedEx and was doing business for said Defendant FedEx in Tallapoosa County, Alabama at all times material to the issues in this case. Defendant Thomas is being sued in both their official and individual capacities.

4. Fictitious Defendant "A," "B," and "C" are those persons or entities whose names will be substituted upon learning their true identities.

5. The motor vehicle accident that gives rise to this Complaint occurred in Tallapoosa County, Alabama.

6. Venue is proper in Tallapoosa County, Alabama.

**FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS**

7. On or about January 18, 2025, Plaintiff was traveling southbound on Dudleyville Road, in Tallapoosa County, Alabama.

8. At said time and place, Defendant Thomas, individually and as an agent, servant and/or employee of Defendant FedEx, was traveling southbound on Dudleyville Road throwing mud with the emergency flashers activated, in Tallapoosa County, Alabama.

9. At said time and place, Plaintiff saw an opening to go around Defendant Thomas.

10. At said time and place, Defendant Thomas abruptly turned left and caused and/or allowed the vehicle they were operating to collide with the Plaintiff's motorcycle causing Plaintiff to run off the road into a barbed wire fence.

11. At the time of the collision, Defendant Thomas was an employee and/or agent of Defendant FedEx and was operating within the line and scope of his employment and/or agency of Defendant FedEx, at all times material to the issues in this case.

12. Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendants and/or Fictitious Defendants.

**COUNT ONE – NEGLIGENCE**
**(Defendant FedEx and Defendant Thomas)**

13. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

14. At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Thomas operated said vehicle in such a negligent manner as to cause said vehicle to collide with the vehicle in which Plaintiff was operating, cause said vehicle to be damaged beyond reasonable repair, and cause serious injury to the Plaintiff.

15. In causing said vehicle to collide with the vehicle in which Plaintiff was operating, Defendant FedEx's agent and/or employee, Defendant Thomas:

a) Negligently failed to exercise ordinary care.
b) Negligently failed to keep a proper look out.
c) Negligently failed to maintain proper control of said vehicle.
d) Negligently failed to yield to the Plaintiff.
e) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public roadway at said time and place.

16. Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Thomas, on said occasion, constitutes common law negligence. The Plaintiff further

avers that the acts and conduct of the said Defendant Thomas, on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

17. As the proximate consequence of said negligence, Defendant FedEx's agent and/or employee, Defendant Thomas, in violating said statutes and in colliding with the vehicle in which Plaintiff was operating, the Plaintiff was caused to sustain serious injuries.

18. Plaintiff avers that said negligent acts and conduct of the said Defendant Thomas, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Thomas, are jointly and severally liable for the serious injuries of the Plaintiff, as a result of said negligent acts and conduct of the said Defendant Thomas.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT TWO – RECKLESSNESS AND WANTONNESS**
**(Defendant FedEx and Defendant Thomas)**

19. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

20. At said time and place, Defendant FedEx's agent and/or employee, Defendant Thomas had more training and more experience than the average motorist.

21. At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Thomas operated said vehicle in such a reckless and wanton manner as to cause said vehicle to collide with the vehicle which Plaintiff was operating, cause said vehicle to be damaged beyond reasonable repair, and cause serious injury to the Plaintiff.

22. In causing said vehicle to collide with the vehicle in which Plaintiff was operating, Defendant FedEx's agent and/or employee, Defendant Thomas:

a) Recklessly and Wantonly failed to exercise ordinary care.

b) Recklessly and Wantonly failed to keep a proper look out.

c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

d) Recklessly and Wantonly failed to yield to the Plaintiff.

e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public roadway at said time and place.

23. Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Thomas, on said occasion, constitute statutory recklessness and wantonness. The Plaintiff further avers that the acts and conduct of the said Defendant Thomas, on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

24. As the proximate consequence of said recklessness and wantonness of Defendant FedEx's agent and/or employee, Defendant Thomas, in violating said statutes and in colliding with the Plaintiff's vehicle, Plaintiff was caused to sustain serious injuries.

25. Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Thomas, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Thomas, are jointly and severally liable for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Thomas.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees, to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT THREE – NEGLIGENT ENTRUSTMENT**
**(Defendant FedEx)**

26. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

27. The Plaintiff avers that on the occasion made the basis of this case, Defendant FedEx negligently entrusted said vehicle to the said Defendant Thomas; that the said Defendant Thomas was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant FedEx knew, or by the exercise of reasonable care should have known, that the said Defendant Thomas was unsuitable to have said vehicle entrusted to them.

28. Plaintiff further avers that said negligent entrustment of said vehicle is combined with the negligent acts and conduct of Defendant Thomas and is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees, to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT FOUR – NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**
**(Defendant FedEx)**

29. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

30. Plaintiff avers that Defendant FedEx, hired, trained, retained and supervised Defendant Thomas as a driver for a vehicle.

31. Plaintiff avers that the Defendant FedEx:

a) Acted in a negligent manner in hiring Defendant Thomas as a vehicle driver;

b) Acted in a negligent manner in retaining Defendant Thomas as a vehicle driver;

c) Acted in a negligent manner in failing to properly train, monitor, and supervise Defendant Thomas as a vehicle driver; and

d) Acted in a negligent manner in failing to instill in Defendant Thomas qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which Defendant FedEx entrusted to Defendant Thomas as a vehicle driver on the public roadways.

32. Plaintiff further avers that the serious injuries of the Plaintiff are the proximate results of said negligence of Defendant FedEx in the hiring, training, retention, monitoring, and supervision of Defendant Thomas as a vehicle driver on the public roadways.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT FIVE – FICTITIOUS DEFENDANTS**

33. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

34. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the Plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A," "B," and "C," both jointly and severally, for all compensatory damages, court costs, and attorney's fees to

which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This September 16, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E. Samford Ave.
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No. (888)-853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ___________** |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * * * * * * * * * * * * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FEDEX**

Comes now the Plaintiff, by counsel, and propounds the following Interrogatories to the Defendant, FedEx Corporation, (herein after referred to as "Defendant FedEx"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:

**<u>Definitions and Instructions</u>**

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

d. Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the person or persons mentioned in clause (d).

**INTERROGATORIES**

1. Please identify yourself by stating the following: in what capacity you are authorized to respond to these Interrogatories on behalf of this Defendant, your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to this Defendant, the length of time employed by this Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of this Defendant, any trade name by which this Defendant is identified or under which this Defendant conducts business, any parent companies or subsidiaries and the address and telephone number of your principal office.

**RESPONSE:**

2. Please state the correct legal name of Defendant FedEx.

**RESPONSE:**

3. State the name and address of the owner and all occupants of this Defendant's vehicle at the time of the Collision.

**RESPONSE:**

4. State whether at the time of the Collision, Defendant Thomas, was acting within the line and scope of their employment with this Defendant.

**RESPONSE:**

5. Identify any other individual, entity or entities, other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit. If you contend that the Plaintiff is liable, please explain how and why.

**RESPONSE:**

6. With respect to the vehicle involved in the Collision, give its complete configuration (including at least the following information): The make(s), model(s), and type(s) of brakes located on said vehicle.

**RESPONSE:**

7. Was the vehicle involved in this Collision equipped with any event data recording, GPS location devices, speed control devices, or other electronic equipment designed to capture or limit the location and/or operation of the vehicle operated by Defendant Thomas? If so, please describe:

a. The name of the equipment or device;

b. The manufacturer of the equipment or device;

c. Whether information has been printed, captured or derived from the equipment and/or device regarding vehicle and/or Collision;

d. Who has possession of any data or information; and,

e. If the speed of the vehicle was governed, please describe the equipment and speed limit used to govern speed.

**RESPONSE:**

8. Was a urine sample or blood sample taken from Defendant Thomas within thirty-two (32) hours of the Collision and, if not, why not? If the answer is in the affirmative, please that the results of said urine and/or blood sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine and/or blood sample.

**RESPONSE:**

9. Identify any individual, or anyone acting on this Defendant's behalf, who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the Collision, and the nature of your and/or this Defendant's relationship to each person. Please provide the person's full name and address, giving the street, street numbers, city and state, of every witness know to you and your attorneys, who has knowledge regarding facts and circumstances surrounding the happening of the Collision, including, but not limited to, eyewitnesses to such Collision or events.

**RESPONSE:**

10. Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or

reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

**RESPONSE:**

11. State all prior motor vehicle accidents involving Defendant FedEx, for the three (3) year period preceding date of collision.

**RESPONSE:**

12. If anyone investigated the Collision for this Defendant, including experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**RESPONSE:**

13. State the name and address and telephone number of each person having any knowledge related to the Collision.

**RESPONSE:**

14. If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the Collision, the Plaintiffs' physical condition, or the scene of the Collision, identify the substance of such recording and the present custodian of each such item.

**RESPONSE:**

15. Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit, individual or witness, including Plaintiffs, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place, the name, address and telephone number from whom the statement was taken or made, and the custodian of such statement.

**RESPONSE:**

16. With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

a. His/her name, address, and telephone number;

b. The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c. The field in which he/she is to be offered as an expert;

d. A summary of his/her qualifications within the field in which he/she is expected to testify;

e. The substance of the facts to which he/she is expected to testify; and,

f. The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

17. If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the Collision and/or the scene of the Collision, please describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photographs or motion pictures, or copies of same.

**RESPONSE:**

18. List any and all articles, or authoritative materials, statutes, ordinances or codes that this Defendant intends to use, refer to, or present at the trial of this case.

**RESPONSE:**

19. Please state the identity of any person, firm or corporation including their name, address, qualifications, who may have downloaded any event data information or information from an electronic data recorder or GPS on board the vehicle being operated by Defendant Thomas at the time of the Collision.

**RESPONSE:**

20. State whether you have information about whether Defendant Thomas consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the Collision, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

**RESPONSE:**

21. State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Thomas's and the vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the routes taken, the final destination, and the anticipated time of arrival at that destination.

**RESPONSE:**

22. Please state with specificity exactly how the Collision took place and include in your answer the date, time and location of the Collision, description of the vehicles (including make, model, year), where the vehicles were just prior to the Collision, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the Collision, the exact location of each vehicle in relation to the roadway prior to the Collision, and where the vehicles came to rest.

**RESPONSE:**

23. Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence? If so, state the substance of such conversations and outline the contact.

**RESPONSE:**

24. What maintenance had been performed on the vehicle of the subject vehicle for the 6 months prior to the collision. For each such maintenance, please list the following:

a. What prompted the maintenance visit;

b. Who performed the maintenance;

c. Who diagnosed the necessity for maintenance;

d. What diagnosis was rendered;

e. When were the repairs performed;

f. What, if any, parts were replaced; and,

g. Did the problem reoccur? If so, when?

**RESPONSE:**

25. Please list all prior or subsequent accidents in which Defendant Thomas has been involved, either with other persons or with property. Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**RESPONSE:**

26. Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any other impeachment materials of any type or variety.

**RESPONSE:**

27. State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## REQUESTS FOR PRODUCTION

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of

meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format. Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege,

you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure. Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant FedEx**.**

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

**DOCUMENTS REQUESTED**

1. Produce any and all safety audits and accident reports filed by Defendant for the year of this collision and three years prior.

2. Produce all photographs which depict the accident scene and/or any of the vehicles involved in the collision at the scene of the collision, or anytime after.

3. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the collision at issue.

4. Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

5. Please produce a copy of any and all pre-maintenance inspection reports for the vehicle occupied by Defendant Thomas on the date of the collision and for six months prior.

6. Please produce any and all medical records of Defendant Thomas.

7. Produce a copy of the driver manual or handbook issued to Defendant Thomas.

8. As to Defendant Thomas, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

a. Qualification file;

b. Personnel file;

c. Any and all written tests;

d. Any and all disciplinary actions;

e. Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

f. Results of all drug and alcohol tests;

g. Documentation given at driver safety meetings, including visual aids;

h. Documentation regarding phone calls to and from Defendant Thomas regarding the accident at issue.

9. Produce any and all documents and records (*including documents which are not now in existence but which can be generated by computer from information stored by or in computers*) which have anything to do with Defendant Thomas, the collision at issue, and the vehicle involved in said collision, including but not limited to, the following:

a. Registration and Title;

b. Bill of Sale;

c. Repairs from all previous collisions involving the vehicle in question;

d. Documentation regarding phoned in reports concerning the accident at issue;

e. All documentation indicating the collision at issue was non-preventable;

f. All documentation indicating the collision at issue was preventable.

10. To the extent not already produced, please produce all records of Defendant FedEx for the 7 days prior to the collision and for the day of the collision. Specifically, produce the following materials:

a. Fuel billing statements;

b. Toll receipts;

c. Accident reports;

d. Telephone billing statements;

e. Credit card receipts;

f. On-board GPS reports;

g. Traffic citations; and

h. Other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

11. Please produce all documents which you may use for demonstrative purposes and/or impeachment purposes at the trial of this action.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

This September 12, 2025.

Respectfully submitted,

/s/ Ayrn Tucker
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

/s/ Ayrn Tucker
AYRN TUCKER
OF COUNSEL

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ___________** |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * * * * * * * * * * * * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDEX

Comes now the Plaintiff, pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant, admit or deny the following:

1. Admit or Deny that Defendant FedEx was properly served with a copy of the Summons and Complaint in the above-styled action.
2. Admit or Deny that your name, as listed in the Complaint, is stated and spelled correctly.
3. Admit or Deny that jurisdiction and venue are proper in this case.
4. Admit or Deny that Defendant FedEx received a spoliation letter.
5. Admit or Deny that the spoliation letter was received by Defendant FedEx on February 24, 2025.

6. Admit or Deny that there is video or dashcam footage of the collision that is the subject of this cause of action.

7. Admit or Deny that Defendant FedEx is in possession of video or dashcam footage of the collision that is the subject of this cause of action.

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,**<br><br>**Plaintiff,**<br><br>***v.***<br><br>**DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,**<br><br>**Defendants.** | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | **Case No.: CV - 2025 - ___________** |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THOMAS**

Comes now the Plaintiff, by counsel, and propounds the following Interrogatories to the Defendant, Darien Montrice Thomas (herein after referred to as "Defendant Thomas"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof.

**<u>Definitions and Instructions</u>**

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

d. Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the person or persons mentioned in clause (d).

**INTERROGATORIES**

1. Please identify yourself by stating your full name, present address, date and place of birth, social security number, and name of spouse.

**RESPONSE:**

2. Please identify, by giving the name, address, and last known telephone number, each and every person known to you and/or to your attorneys who has firsthand knowledge of the events and conditions set out in the Complaint.

**RESPONSE:**

3. Please state the full name, address, and telephone number of each person who, to your knowledge or your agents or attorneys, was present at the scene of the occurrence which is the subject of this claim, either, immediately before, immediately after, or during such occurrence.

**RESPONSE:**

4. Please identify each and every witness you intend to call at the trial of this cause including the substance of his or her expected testimony.

**RESPONSE:**

5. With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

a. His/her name, address, and telephone number;

b. The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c. The field in which he/she is to be offered as an expert;

d. A summary of his/her qualifications within the field in which he/she is expected to testify;

e. The substance of the facts to which he/she is expected to testify; and,

f. The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

6. Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

**RESPONSE:**

7. Please state the dollar amount of liability insurance coverage available in this action. This includes but is not limited to primary liability policies, secondary liability policies, excess coverage policies, umbrella policies, etc.

**RESPONSE:**

8. Describe completely and in detail the vehicle occupied or owned by you on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year, body style of said motor vehicle, the cargo contained in the vehicle at the time of the occurrence, and weight of cargo at the time of the occurrence.

**RESPONSE:**

9. Describe in chronological order the events of the prior 24 hours leading up to the collision. Please include in your response whether you consumed any alcoholic beverages, drugs, or medications of any kind whatsoever, including prescriptions drugs, within twenty-four (24) hours preceding the collision. If the answer is in the affirmative, please state the amount and the time at which such beverage, drug, or medication was consumed (if you had consumed medication, please state the purpose for taking said medication). Additionally, please state any prescriptions drugs which you should have taken in accordance with a medical provider's instructions but failed to do so.

**RESPONSE:**

10. As to the trip in which you were engaged at the time of the collision made the basis of this suit, give the following information:

a. The date, place and time you started the trip;

b. The places and times you stopped for any reason on the trip in question prior to impact with the vehicle being driven by Plaintiff, and,

c. Did you continue the trip in question after you were released from the scene by

the authorities? If not, where did you go and what did you do?

**RESPONSE:**

11. Describe in your own words how the collision occurred or why the collision occurred. Please include the following in your response:

a. Your estimate of the speed the vehicle you were operating just prior to the impact with the Plaintiff;

b. The location of the Plaintiff when you first observed them in relation to the time of the collision;

c. Any evasive maneuvers taken by you or the Plaintiff;

d. The location and speed, if applicable, of any and all other vehicles in front of you as you approached the intersection where the collision occurred;

e. Whether you applied your brakes at any time before the collision;

f. Whether or not your brakes locked or your wheels skidded prior to the impact.

**RESPONSE:**

12. Identify any other individual, entity or entities other than those named Defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit.

**RESPONSE:**

13. If any of the vehicles involved in the collision had defective equipment, describe each defective piece of equipment specifically and in detail.

**RESPONSE:**

14. Detail each complaint you made about defects and needed repairs and maintenance of the vehicle in which you were an occupant at the time of the collision made the basis of this suit for the six (6) month period prior to this collision, together with the exact dates of each complaint and the extent to which such complaints were satisfied or not satisfied.

**RESPONSE:**

15. What trip expenses were incurred by you on the trip in question prior to the collision at issue (i.e., including credit cards and cash expenses). In response to this interrogatory, please state the name of the business where each expense was incurred, the address of each such business, and the approximate time of each such expense. Further, produce a copy of any and all trip receipts of any kind or nature.

**RESPONSE:**

16. Please state whether, at the time of the occurrence which is the subject of this claim, you had a prescription for glasses or corrective lenses. If so, state whether or not you were wearing such glasses or corrective lenses at the time of the occurrence.

**RESPONSE:**

17. Please list each and every medical provider from whom you have received treatment, consulting, review, examination and/or advice from the last ten (10) years through present. The term “medical provider” includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, alcohol and/or drug treatment

providers, rehabilitation therapists, mental health providers or facilitates, surgeons or other health care providers of any nature whatsoever. For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis given, and medications prescribed.

**RESPONSE:**

18. For the last ten (10) years, please provide the name of your health insurance provider, including the group number, contract number and the name under which coverage is secured.

**RESPONSE:**

19. Provide a list of all medications, prescribed and/or over the counter, that you were taking or had taken in the one-year period prior to the date of the collision, and include in your answer the following:

a. The name and address of the doctor, hospital, or clinic, who prescribed, sold or provided these medications;

b. The health condition for which you took each medication;

c. The dosage you ingested daily;

d. The name and address of each pharmacy, whether private or governmental, that has filed any prescription for you in the last ten (10) years.

**RESPONSE:**

20. State if you have ever been charged with or convicted of any criminal offense, including traffic violations. If your answer is in the affirmative, state:

a. The name of the offense with which you were charged and/or convicted;

b. The state, county and city in which you were charged and/or convicted; and

c. The date or approximate date you were charged and/or convicted of such offense.

**RESPONSE:**

21. As to each motor vehicle accident you have been involved in for the last ten (10) years, give the following information:

a. Where it occurred (state, city, county, court);

b. When it occurred (month, day, year);

c. Any injuries claimed and when and where any claims or suits were filed; and,

d. Final disposition or current status of each traffic accident.

**RESPONSE:**

22. Give the dates, times and places, together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment to you at any time during the past ten (10) years.

**RESPONSE:**

23. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

24. Have you ever been deemed medically of physically unfit to drive by any company, medical provider, medical officer, or state agency? If so, please state the reasons for such a determination, the date of said determination, the time period for which you were deemed medically or physically unfit, and the steps that were followed in order for you to be deemed medically fit to drive trucks or any other commercial vehicle.

**RESPONSE:**

25. Please describe any and all surgical procedures you have undergone in the past ten (10) years including the date of the procedure, the type procedure, the treating physician, the condition for which you received the procedure, the follow-up diagnosis and any medications which you were prescribed.

**RESPONSE:**

26. Please state the number(s) for any cellular telephone(s) (whether personal or issued by Defendant FedEx, or other(s)) in your possession on the date of the collision and the name of the carrier providing service to said cellular telephone.

**RESPONSE:**

27. Have your attorneys made you aware what your liability insurance limits in this matter are limited and that any verdict in favor of the Plaintiff over and above said limits will be the responsibility of yourself and/or Defendant FedEx?

**RESPONSE:**

28. Have your attorneys made you aware that you may demand that your insurance company pay your insurance liability limits of to the Plaintiff and that doing so will protect yourself and/or Defendant FedEx from the responsibility of satisfying a verdict in favor of the Plaintiff which may otherwise exceed said insurance liability limits?

**RESPONSE:**

29. Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any other impeachment materials of any type or variety.

**RESPONSE:**

30. State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## REQUESTS FOR PRODUCTION

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering Defendant, its attorneys,

its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy

data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format. Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure. Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and

specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant Thomas.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

**DOCUMENTS REQUESTED**

1. Produce true and complete copies of any and all photographs, films, slides, videos or other graphic depictions, taken of the accident scene and the vehicles involved in the collision.

2. Produce all documents, letters, notes, memoranda, communications, or other written documents of any type whatsoever between any parties to this lawsuit which refer to or are in regard to the collision and/or damages caused thereby.

3. Produce a copy of any reports, evaluations, notes, or other written analysis by any expert you intend to call as a witness.

4. Produce a copy of any reports, evaluations, notes and other written analysis by any expert you do not intend to call as a witness.

5. Produce all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of the Plaintiff that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit. This would include but not be limited to any type of "surveillance" recording or record of the Plaintiff as they performed any activity.

6. Produce a copy of Defendant's driver's license.

7. Produce a copy of the driving record of the Defendant obtained from any office or

official agency of this state.

8. Produce a copy of any traffic citations or complaints relating to this collision which may have been issued to Defendant.

9. Produce copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statements, signed or otherwise adopted or approved by the Plaintiff, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff about this lawsuit and contemporaneously recorded.

10. Produce any and all drawings, maps, or sketches of the scene of the accident.

11. Produce a copy of any cell phone bill for the cell phone Defendant used for the day of the collision.

12. Produce a copy of all other lawsuits ever filed against you in the last ten (10) years.

13. Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the Defendant or the automobile being driven by Defendant at the time of the collision.

14. Produce a copy of the title to the vehicle and/or any other ownership documents regarding the vehicle driven by the Defendant.

15. Produce the records relating to repairs, maintenance, and costs of the vehicle involved in the incident.

16. Produce all documents used, referenced, or reviewed in answering the Interrogatories, which were simultaneously served herewith.

17. If you are not a citizen of the United States of America, please produce a copy of any

United States Work Visa, Green Card, or other document evidencing your legal status in the United States of America.

18. Produce true and complete copies of any and all medical records, medical bills, subrogation interests, and any other documents related to Plaintiff's injuries that were obtained by Defendant via subpoena.

19. Any and all documents, writing, memoranda of any kind or nature whatsoever which you intend to introduce into evidence in the trial of this action.

20. A complete list of all tangible evidence which you intend to introduce in the trial of this action, and please state when such evidence may be examined by counsel for Plaintiff.

21. Any and all technical publications, treatises, books, codes, standards, articles, statutes, ordinances, regulations or other writings or documents by whatever name described which you, your attorneys, your representatives and any witnesses (whether expert or otherwise) will offer into evidence upon the trial of this cause or which will be referred to or alluded to or used as a basis of support for any opinion to be offered or opinion or fact to be proved.

22. Produce all charts, exhibits, models, video, photograph, and any other document you may or will offer as evidence at the trial of this action which support or tend to support Defendant's position and/or affirmative defenses.

23. Produce all documents which you may use for demonstrative purposes at the trial of this action, and all documents you may use for impeachment purposes at the trial of this action.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| **Plaintiff,** | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ___________** |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * | |
| **Defendants.** | * | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT THOMAS**

Comes now the Plaintiff pursuant to Rule 36 of the Alabama Rules of Civil Procedure, request that the Defendant admit or deny the following:

1. Admit that you were properly served with a copy of the Summons and Complaint in the above-styled action.

2. Admit that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit that jurisdiction and venue are proper in this case.

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**

**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

AlaFile E-Notice

62-CV-2025-900067.00

To: AYRN TUCKER
asedore@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following complaint was FILED on 9/16/2025 2:11:30 PM

Notice Date: 9/16/2025 2:11:30 PM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

AlaFile E-Notice

62-CV-2025-900067.00

To: FEDEX CORPORATION
2 N JACKSON ST, #605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following complaint was FILED on 9/16/2025 2:11:30 PM

Notice Date: 9/16/2025 2:11:30 PM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

UNIFIED JUDICIAL SYSTEM
STATE OF ALABAMA

AlaFile E-Notice

62-CV-2025-900067.00

To: DARIEN THOMAS
2707 KINGSRIDGE DRIVE
COLUMBUS, GA, 31907

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following complaint was FILED on 9/16/2025 2:11:30 PM

Notice Date: 9/16/2025 2:11:30 PM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2024

# SUMMONS - CIVIL -

**Court Case Number**
62-CV-2025-900067.00

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA COUNTY, ALABAMA**
**JOSHUA PRATT V. FEDEX CORPORATION ET AL**

**NOTICE TO:** FEDEX CORPORATION, 2 N JACKSON ST, #605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AYRN TUCKER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1967 E SAMFORD AVE, AUBURN, AL 36830 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JOSHUA PRATT *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/16/2025 *(Date)* /s/ PATRICK CRADDOCK *(Signature of Clerk)* By: ______ *(Name)*

☑ Certified Mail is hereby requested. /s/ AYRN TUCKER *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ______ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2024 | **SUMMONS<br>- CIVIL -** | **Court Case Number**<br>62-CV-2025-900067.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA COUNTY, ALABAMA**
**JOSHUA PRATT V. FEDEX CORPORATION ET AL**

**NOTICE TO:** DARIEN THOMAS, 2707 KINGSRIDGE DRIVE, COLUMBUS, GA 31907
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AYRN TUCKER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1967 E SAMFORD AVE, AUBURN, AL 36830 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JOSHUA PRATT *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/16/2025 *(Date)* /s/ PATRICK CRADDOCK *(Signature of Clerk)* By: ________ *(Name)*

☑ Certified Mail is hereby requested. /s/ AYRN TUCKER *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ________ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ________ *(First and Last Name of Person Served)* in ________ *(Name of County)* County, Alabama on ________ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2024

# SUMMONS - CIVIL -

**Court Case Number**
62-CV-2025-900067.00

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA COUNTY, ALABAMA**
**JOSHUA PRATT V. FEDEX CORPORATION ET AL**

**NOTICE TO:** FEDEX CORPORATION, 2 N JACKSON ST, #605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AYRN TUCKER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1967 E SAMFORD AVE, AUBURN, AL 36830 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JOSHUA PRATT *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/16/2025 *(Date)* /s/ PATRICK CRADDOCK *(Signature of Clerk)* By: [signature] *(Name)*

☑ Certified Mail is hereby requested. /s/ AYRN TUCKER *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this offic[e] ... Certified Mail

☐ I certify that I personally delivered a copy of this Su[mmons] ... in ...
*(First and Last Name of Person Served)*

Document left:
☐ with above-named Defendant;
☐ with an individual authorized to receive servi[ce] ...
☐ at the above-named Defendant's dwelling h[ouse] ... person of suitable age and discretion then r[e]...

☐ I certify that service of process of this Summons an[d] ...
☐ I certify that service of process of this Summons an[d] ... in ...
*(First and Last Name of Person Served)* *(Name ...)*
☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE

9589 0710 5270 1877 9206 34

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
CV25 9-67
Sent To Fedex
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

**Service Return Copy**

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2024

# SUMMONS - CIVIL -

**Court Case Number**
62-CV-2025-900067.00

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA COUNTY, ALABAMA**
**JOSHUA PRATT V. FEDEX CORPORATION ET AL**

**NOTICE TO:** DARIEN THOMAS, 2707 KINGSRIDGE DRIVE, COLUMBUS, GA 31907
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AYRN TUCKER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1967 E SAMFORD AVE, AUBURN, AL 36830 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JOSHUA PRATT *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/16/2025 *(Date)* /s/ PATRICK CRADDOCK *(Signature of Clerk)* By: [signature] *(Name)*

☑ Certified Mail is hereby requested. /s/ AYRN TUCKER *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*
☐ Return receipt of certified mail received in this office on ______ . *(Date)*

F
☐ I certify that I personally delivered a copy of this Su
in
*(First and Last Name of Person Served)*
Document left:
☐ with above-named Defendant;
☐ with an individual authorized to receive serv
☐ at the above-named Defendant's dwelling h
person of suitable age and discretion then r

Re
☐ I certify that service of process of this Summons ar
☐ I certify that service of process of this Summons ar
in
*(First and Last Name of Person Served)* *(Name*
☐ the above-named Defendant;
☐ an individual authorized to receive service o

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.
OFFICIAL USE

9589 0710 5270 1877 4114 96

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Postmark Here
CV25-9-67
Sent To Darien Thomas
Street and Apt. No., or PO Box No.
City, State, ZIP+4®
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

☐ As a designated process server pursuant to Rule 4(i)(1) ... at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

**Service Return Copy**

NIXIE 326 C2 18CU 7210/08/25

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

BC: 36853134899 2175N280200-00309

...verse
...piece,

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (*Printed Name*)
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV25-9-67

1. Article Addressed to:

Fedex Corporation
2 N. Jackson St, #605
Montgomery, AL 36104

9590 9402 9365 5002 4456 94

2. Article Number (*Transfer from service label*)

9589 0710 5270 1877 9206 34

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ail
...ail Restricted Delivery
...0)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2020 PSN 7530-02-000-9053
Domestic Return Receipt

**PATRICK CRADDOCK, CIRCUIT CLERK**
TALLAPOOSA COUNTY COURTHOUSE
125 N. BROADNAX STREET, ROOM 132
DADEVILLE, ALABAMA 36853

REFUSED

quadient
FIRST-CLASS MAIL
IMI
$013.54
09/18/2025 ZIP 36853
043M30280944
US POSTAGE

RETURN TO SENDER
No entity found with this name on SOS website

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

To: FEDEX CORPORATION
2 N JACKSON ST, #605
MONTGOMERY, AL, 36104

9589 0710 5270 1877 9206 34

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2024 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>62-CV-2025-900067.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA COUNTY, ALABAMA**
**JOSHUA PRATT V. FEDEX CORPORATION ET AL**

**NOTICE TO:** FEDEX CORPORATION, 2 N JACKSON ST, #605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AYRN TUCKER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1967 E SAMFORD AVE, AUBURN, AL 36830 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JOSHUA PRATT *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/16/2025 *(Date)* /s/ PATRICK CRADDOCK *(Signature of Clerk)* By: ______ *(Name)*

☑ Certified Mail is hereby requested. /s/ AYRN TUCKER *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ______ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

DOCUMENT 1

ELECTRONICALLY FILED
9/16/2025 2:11 PM
62-CV-2025-900067.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93 Rev. 9/25 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca: 62<br>Date of Filing: 09/16/2025<br>Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA**
**JOSHUA PRATT v. FEDEX CORPORATION ET AL**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** P ☐ **APPEAL FROM PROBATE COURT**
A ☐ **APPEAL FROM DISTRICT COURT** O ☐ **OTHER**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO — **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
SED004 — 9/16/2025 2:11:30 PM (Date) — /s/ AYRN TUCKER (Signature of Attorney/Party filing this form)

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
9/16/2025 2:11 PM
62-CV-2025-900067.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ________** |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

This is an action by Plaintiff, Joshua Brandon Pratt (herein after referred to as "Plaintiff"), against Defendants, Darien Montrice Thomas (herein after referred to as "Defendant Thomas"), and FedEx Corporation (herein after referred to as "Defendant FedEx") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about January 18, 2025.

## PARTIES, JURISDICTION, VENUE

1. Plaintiff was a resident and citizen of Tallapoosa County, Alabama at all times material to the issues in this case.

2. Upon information and belief, Defendant FedEx is a corporation, doing business in Tallapoosa County, Alabama, at all times material to the issues in this case. Defendant FedEx

DOCUMENT 2

may be served through its registered agent, CT Corporation System, at 2 North Jackson St., Ste. 605, Montgomery, AL 36104.

3. Upon information and belief, Defendant Thomas is a resident and citizen of Muscogee County, Georgia at all times material to the issues in this case and an employee and/or agent of Defendant FedEx and was doing business for said Defendant FedEx in Tallapoosa County, Alabama at all times material to the issues in this case. Defendant Thomas is being sued in both their official and individual capacities.

4. Fictitious Defendant "A," "B," and "C" are those persons or entities whose names will be substituted upon learning their true identities.

5. The motor vehicle accident that gives rise to this Complaint occurred in Tallapoosa County, Alabama.

6. Venue is proper in Tallapoosa County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

7. On or about January 18, 2025, Plaintiff was traveling southbound on Dudleyville Road, in Tallapoosa County, Alabama.

8. At said time and place, Defendant Thomas, individually and as an agent, servant and/or employee of Defendant FedEx, was traveling southbound on Dudleyville Road throwing mud with the emergency flashers activated, in Tallapoosa County, Alabama.

9. At said time and place, Plaintiff saw an opening to go around Defendant Thomas.

10. At said time and place, Defendant Thomas abruptly turned left and caused and/or allowed the vehicle they were operating to collide with the Plaintiff's motorcycle causing Plaintiff to run off the road into a barbed wire fence.

11. At the time of the collision, Defendant Thomas was an employee and/or agent of Defendant FedEx and was operating within the line and scope of his employment and/or agency of Defendant FedEx, at all times material to the issues in this case.

12. Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendants and/or Fictitious Defendants.

**COUNT ONE – NEGLIGENCE**
**(Defendant FedEx and Defendant Thomas)**

13. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

14. At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Thomas operated said vehicle in such a negligent manner as to cause said vehicle to collide with the vehicle in which Plaintiff was operating, cause said vehicle to be damaged beyond reasonable repair, and cause serious injury to the Plaintiff.

15. In causing said vehicle to collide with the vehicle in which Plaintiff was operating, Defendant FedEx's agent and/or employee, Defendant Thomas:

a) Negligently failed to exercise ordinary care.

b) Negligently failed to keep a proper look out.

c) Negligently failed to maintain proper control of said vehicle.

d) Negligently failed to yield to the Plaintiff.

e) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public roadway at said time and place.

16. Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Thomas, on said occasion, constitutes common law negligence. The Plaintiff further

DOCUMENT 2

avers that the acts and conduct of the said Defendant Thomas, on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

17. As the proximate consequence of said negligence, Defendant FedEx's agent and/or employee, Defendant Thomas, in violating said statutes and in colliding with the vehicle in which Plaintiff was operating, the Plaintiff was caused to sustain serious injuries.

18. Plaintiff avers that said negligent acts and conduct of the said Defendant Thomas, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Thomas, are jointly and severally liable for the serious injuries of the Plaintiff, as a result of said negligent acts and conduct of the said Defendant Thomas.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT TWO – RECKLESSNESS AND WANTONNESS**
**(Defendant FedEx and Defendant Thomas)**

19. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

20. At said time and place, Defendant FedEx's agent and/or employee, Defendant Thomas had more training and more experience than the average motorist.

21. At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Thomas operated said vehicle in such a reckless and wanton manner as to cause said vehicle to collide with the vehicle which Plaintiff was operating, cause said vehicle to be damaged beyond reasonable repair, and cause serious injury to the Plaintiff.

DOCUMENT 2

22. In causing said vehicle to collide with the vehicle in which Plaintiff was operating, Defendant FedEx's agent and/or employee, Defendant Thomas:

a) Recklessly and Wantonly failed to exercise ordinary care.

b) Recklessly and Wantonly failed to keep a proper look out.

c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

d) Recklessly and Wantonly failed to yield to the Plaintiff.

e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public roadway at said time and place.

23. Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Thomas, on said occasion, constitute statutory recklessness and wantonness. The Plaintiff further avers that the acts and conduct of the said Defendant Thomas, on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

24. As the proximate consequence of said recklessness and wantonness of Defendant FedEx's agent and/or employee, Defendant Thomas, in violating said statutes and in colliding with the Plaintiff's vehicle, Plaintiff was caused to sustain serious injuries.

25. Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Thomas, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Thomas, are jointly and severally liable for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Thomas.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees, to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

DOCUMENT 2

**COUNT THREE – NEGLIGENT ENTRUSTMENT**
**(Defendant FedEx)**

26. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

27. The Plaintiff avers that on the occasion made the basis of this case, Defendant FedEx negligently entrusted said vehicle to the said Defendant Thomas; that the said Defendant Thomas was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant FedEx knew, or by the exercise of reasonable care should have known, that the said Defendant Thomas was unsuitable to have said vehicle entrusted to them.

28. Plaintiff further avers that said negligent entrustment of said vehicle is combined with the negligent acts and conduct of Defendant Thomas and is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees, to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT FOUR – NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**
**(Defendant FedEx)**

29. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

30. Plaintiff avers that Defendant FedEx, hired, trained, retained and supervised Defendant Thomas as a driver for a vehicle.

31. Plaintiff avers that the Defendant FedEx:

a) Acted in a negligent manner in hiring Defendant Thomas as a vehicle driver;

DOCUMENT 2

b) Acted in a negligent manner in retaining Defendant Thomas as a vehicle driver;

c) Acted in a negligent manner in failing to properly train, monitor, and supervise Defendant Thomas as a vehicle driver; and

d) Acted in a negligent manner in failing to instill in Defendant Thomas qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which Defendant FedEx entrusted to Defendant Thomas as a vehicle driver on the public roadways.

32. Plaintiff further avers that the serious injuries of the Plaintiff are the proximate results of said negligence of Defendant FedEx in the hiring, training, retention, monitoring, and supervision of Defendant Thomas as a vehicle driver on the public roadways.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT FIVE – FICTITIOUS DEFENDANTS**

33. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

34. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the Plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A," "B," and "C," both jointly and severally, for all compensatory damages, court costs, and attorney's fees to

DOCUMENT 2

which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This September 16, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E. Samford Ave.
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No. (888)-853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ___________** |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FEDEX**

Comes now the Plaintiff, by counsel, and propounds the following Interrogatories to the Defendant, FedEx Corporation, (herein after referred to as "Defendant FedEx"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:

**Definitions and Instructions**

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

DOCUMENT 2

d. Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the person or persons mentioned in clause (d).

## INTERROGATORIES

1. Please identify yourself by stating the following: in what capacity you are authorized to respond to these Interrogatories on behalf of this Defendant, your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to this Defendant, the length of time employed by this Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of this Defendant, any trade name by which this Defendant is identified or under which this Defendant conducts business, any parent companies or subsidiaries and the address and telephone number of your principal office.

**RESPONSE:**

2. Please state the correct legal name of Defendant FedEx.

**RESPONSE:**

3. State the name and address of the owner and all occupants of this Defendant's vehicle at the time of the Collision.

**RESPONSE:**

DOCUMENT 2

4. State whether at the time of the Collision, Defendant Thomas, was acting within the line and scope of their employment with this Defendant.

**RESPONSE:**

5. Identify any other individual, entity or entities, other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit. If you contend that the Plaintiff is liable, please explain how and why.

**RESPONSE:**

6. With respect to the vehicle involved in the Collision, give its complete configuration (including at least the following information): The make(s), model(s), and type(s) of brakes located on said vehicle.

**RESPONSE:**

7. Was the vehicle involved in this Collision equipped with any event data recording, GPS location devices, speed control devices, or other electronic equipment designed to capture or limit the location and/or operation of the vehicle operated by Defendant Thomas? If so, please describe:

a. The name of the equipment or device;

b. The manufacturer of the equipment or device;

c. Whether information has been printed, captured or derived from the equipment and/or device regarding vehicle and/or Collision;

d. Who has possession of any data or information; and,

DOCUMENT 2

e. If the speed of the vehicle was governed, please describe the equipment and speed limit used to govern speed.

**RESPONSE:**

8. Was a urine sample or blood sample taken from Defendant Thomas within thirty-two (32) hours of the Collision and, if not, why not? If the answer is in the affirmative, please that the results of said urine and/or blood sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine and/or blood sample.

**RESPONSE:**

9. Identify any individual, or anyone acting on this Defendant's behalf, who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the Collision, and the nature of your and/or this Defendant's relationship to each person. Please provide the person's full name and address, giving the street, street numbers, city and state, of every witness know to you and your attorneys, who has knowledge regarding facts and circumstances surrounding the happening of the Collision, including, but not limited to, eyewitnesses to such Collision or events.

**RESPONSE:**

10. Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or

DOCUMENT 2

reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

**RESPONSE:**

11. State all prior motor vehicle accidents involving Defendant FedEx, for the three (3) year period preceding date of collision.

**RESPONSE:**

12. If anyone investigated the Collision for this Defendant, including experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**RESPONSE:**

13. State the name and address and telephone number of each person having any knowledge related to the Collision.

**RESPONSE:**

14. If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the Collision, the Plaintiffs' physical condition, or the scene of the Collision, identify the substance of such recording and the present custodian of each such item.

**RESPONSE:**

15. Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit, individual or witness, including Plaintiffs, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place, the name, address and telephone number from whom the statement was taken or made, and the custodian of such statement.

**RESPONSE:**

16. With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

a. His/her name, address, and telephone number;

b. The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c. The field in which he/she is to be offered as an expert;

d. A summary of his/her qualifications within the field in which he/she is expected to testify;

e. The substance of the facts to which he/she is expected to testify; and,

f. The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

DOCUMENT 2

17. If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the Collision and/or the scene of the Collision, please describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photographs or motion pictures, or copies of same.

**RESPONSE:**

18. List any and all articles, or authoritative materials, statutes, ordinances or codes that this Defendant intends to use, refer to, or present at the trial of this case.

**RESPONSE:**

19. Please state the identity of any person, firm or corporation including their name, address, qualifications, who may have downloaded any event data information or information from an electronic data recorder or GPS on board the vehicle being operated by Defendant Thomas at the time of the Collision.

**RESPONSE:**

20. State whether you have information about whether Defendant Thomas consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the Collision, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

**RESPONSE:**

DOCUMENT 2

21. State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Thomas's and the vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the routes taken, the final destination, and the anticipated time of arrival at that destination.

**RESPONSE:**

22. Please state with specificity exactly how the Collision took place and include in your answer the date, time and location of the Collision, description of the vehicles (including make, model, year), where the vehicles were just prior to the Collision, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the Collision, the exact location of each vehicle in relation to the roadway prior to the Collision, and where the vehicles came to rest.

**RESPONSE:**

23. Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence? If so, state the substance of such conversations and outline the contact.

**RESPONSE:**

24. What maintenance had been performed on the vehicle of the subject vehicle for the 6 months prior to the collision. For each such maintenance, please list the following:

a. What prompted the maintenance visit;

b. Who performed the maintenance;

c. Who diagnosed the necessity for maintenance;

DOCUMENT 2

d. What diagnosis was rendered;

e. When were the repairs performed;

f. What, if any, parts were replaced; and,

g. Did the problem reoccur? If so, when?

**RESPONSE:**

25. Please list all prior or subsequent accidents in which Defendant Thomas has been involved, either with other persons or with property. Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**RESPONSE:**

26. Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any other impeachment materials of any type or variety.

**RESPONSE:**

27. State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

DOCUMENT 2

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

**REQUESTS FOR PRODUCTION**

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of

DOCUMENT 2

meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format. Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege,

DOCUMENT 2

you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure. Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant FedEx.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1. Produce any and all safety audits and accident reports filed by Defendant for the year of this collision and three years prior.

2. Produce all photographs which depict the accident scene and/or any of the vehicles involved in the collision at the scene of the collision, or anytime after.

3. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the collision at issue.

DOCUMENT 2

4. Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

5. Please produce a copy of any and all pre-maintenance inspection reports for the vehicle occupied by Defendant Thomas on the date of the collision and for six months prior.

6. Please produce any and all medical records of Defendant Thomas.

7. Produce a copy of the driver manual or handbook issued to Defendant Thomas.

8. As to Defendant Thomas, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

a. Qualification file;

b. Personnel file;

c. Any and all written tests;

d. Any and all disciplinary actions;

e. Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

f. Results of all drug and alcohol tests;

g. Documentation given at driver safety meetings, including visual aids;

h. Documentation regarding phone calls to and from Defendant Thomas regarding the accident at issue.

9. Produce any and all documents and records (*including documents which are not now in existence but which can be generated by computer from information stored by or in computers*) which have anything to do with Defendant Thomas, the collision at issue, and the vehicle involved in said collision, including but not limited to, the following:

a. Registration and Title;

DOCUMENT 2

b. Bill of Sale;

c. Repairs from all previous collisions involving the vehicle in question;

d. Documentation regarding phoned in reports concerning the accident at issue;

e. All documentation indicating the collision at issue was non-preventable;

f. All documentation indicating the collision at issue was preventable.

10. To the extent not already produced, please produce all records of Defendant FedEx for the 7 days prior to the collision and for the day of the collision. Specifically, produce the following materials:

a. Fuel billing statements;

b. Toll receipts;

c. Accident reports;

d. Telephone billing statements;

e. Credit card receipts;

f. On-board GPS reports;

g. Traffic citations; and

h. Other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

11. Please produce all documents which you may use for demonstrative purposes and/or impeachment purposes at the trial of this action.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

DOCUMENT 2

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** <br><br> **Plaintiff,** <br><br> *v.* <br><br> **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** <br><br> **Defendants.** | * * * * * * * * * * * * * * * * * * | **Case No.: CV - 2025 - __________** |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDEX**

Comes now the Plaintiff, pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant, admit or deny the following:

1. Admit or Deny that Defendant FedEx was properly served with a copy of the Summons and Complaint in the above-styled action.

2. Admit or Deny that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit or Deny that jurisdiction and venue are proper in this case.

4. Admit or Deny that Defendant FedEx received a spoliation letter.

5. Admit or Deny that the spoliation letter was received by Defendant FedEx on February 24, 2025.

DOCUMENT 2

6. Admit or Deny that there is video or dashcam footage of the collision that is the subject of this cause of action.

7. Admit or Deny that Defendant FedEx is in possession of video or dashcam footage of the collision that is the subject of this cause of action.

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ___________** |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * * * * * * * * * * * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THOMAS**

Comes now the Plaintiff, by counsel, and propounds the following Interrogatories to the Defendant, Darien Montrice Thomas (herein after referred to as "Defendant Thomas"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof.

**Definitions and Instructions**

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

DOCUMENT 2

d. Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the person or persons mentioned in clause (d).

## INTERROGATORIES

1. Please identify yourself by stating your full name, present address, date and place of birth, social security number, and name of spouse.

**RESPONSE:**

2. Please identify, by giving the name, address, and last known telephone number, each and every person known to you and/or to your attorneys who has firsthand knowledge of the events and conditions set out in the Complaint.

**RESPONSE:**

3. Please state the full name, address, and telephone number of each person who, to your knowledge or your agents or attorneys, was present at the scene of the occurrence which is the subject of this claim, either, immediately before, immediately after, or during such occurrence.

**RESPONSE:**

4. Please identify each and every witness you intend to call at the trial of this cause including the substance of his or her expected testimony.

**RESPONSE:**

DOCUMENT 2

5. With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

a. His/her name, address, and telephone number;

b. The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c. The field in which he/she is to be offered as an expert;

d. A summary of his/her qualifications within the field in which he/she is expected to testify;

e. The substance of the facts to which he/she is expected to testify; and,

f. The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

6. Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

**RESPONSE:**

7. Please state the dollar amount of liability insurance coverage available in this action. This includes but is not limited to primary liability policies, secondary liability policies, excess coverage policies, umbrella policies, etc.

**RESPONSE:**

8. Describe completely and in detail the vehicle occupied or owned by you on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year, body style of said motor vehicle, the cargo contained in the vehicle at the time of the occurrence, and weight of cargo at the time of the occurrence.

**RESPONSE:**

9. Describe in chronological order the events of the prior 24 hours leading up to the collision. Please include in your response whether you consumed any alcoholic beverages, drugs, or medications of any kind whatsoever, including prescriptions drugs, within twenty-four (24) hours preceding the collision. If the answer is in the affirmative, please state the amount and the time at which such beverage, drug, or medication was consumed (if you had consumed medication, please state the purpose for taking said medication). Additionally, please state any prescriptions drugs which you should have taken in accordance with a medical provider's instructions but failed to do so.

**RESPONSE:**

10. As to the trip in which you were engaged at the time of the collision made the basis of this suit, give the following information:

a. The date, place and time you started the trip;

b. The places and times you stopped for any reason on the trip in question prior to impact with the vehicle being driven by Plaintiff, and,

c. Did you continue the trip in question after you were released from the scene by

DOCUMENT 2

the authorities? If not, where did you go and what did you do?

**RESPONSE:**

11. Describe in your own words how the collision occurred or why the collision occurred. Please include the following in your response:

a. Your estimate of the speed the vehicle you were operating just prior to the impact with the Plaintiff;

b. The location of the Plaintiff when you first observed them in relation to the time of the collision;

c. Any evasive maneuvers taken by you or the Plaintiff;

d. The location and speed, if applicable, of any and all other vehicles in front of you as you approached the intersection where the collision occurred;

e. Whether you applied your brakes at any time before the collision;

f. Whether or not your brakes locked or your wheels skidded prior to the impact.

**RESPONSE:**

12. Identify any other individual, entity or entities other than those named Defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit.

**RESPONSE:**

13. If any of the vehicles involved in the collision had defective equipment, describe each defective piece of equipment specifically and in detail.

**RESPONSE:**

DOCUMENT 2

14. Detail each complaint you made about defects and needed repairs and maintenance of the vehicle in which you were an occupant at the time of the collision made the basis of this suit for the six (6) month period prior to this collision, together with the exact dates of each complaint and the extent to which such complaints were satisfied or not satisfied.

**RESPONSE:**

15. What trip expenses were incurred by you on the trip in question prior to the collision at issue (i.e., including credit cards and cash expenses). In response to this interrogatory, please state the name of the business where each expense was incurred, the address of each such business, and the approximate time of each such expense. Further, produce a copy of any and all trip receipts of any kind or nature.

**RESPONSE:**

16. Please state whether, at the time of the occurrence which is the subject of this claim, you had a prescription for glasses or corrective lenses. If so, state whether or not you were wearing such glasses or corrective lenses at the time of the occurrence.

**RESPONSE:**

17. Please list each and every medical provider from whom you have received treatment, consulting, review, examination and/or advice from the last ten (10) years through present. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, alcohol and/or drug treatment

DOCUMENT 2

providers, rehabilitation therapists, mental health providers or facilitates, surgeons or other health care providers of any nature whatsoever. For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis given, and medications prescribed.

**RESPONSE:**

18. For the last ten (10) years, please provide the name of your health insurance provider, including the group number, contract number and the name under which coverage is secured.

**RESPONSE:**

19. Provide a list of all medications, prescribed and/or over the counter, that you were taking or had taken in the one-year period prior to the date of the collision, and include in your answer the following:

a. The name and address of the doctor, hospital, or clinic, who prescribed, sold or provided these medications;

b. The health condition for which you took each medication;

c. The dosage you ingested daily;

d. The name and address of each pharmacy, whether private or governmental, that has filed any prescription for you in the last ten (10) years.

**RESPONSE:**

20. State if you have ever been charged with or convicted of any criminal offense, including traffic violations. If your answer is in the affirmative, state:

a. The name of the offense with which you were charged and/or convicted;

b. The state, county and city in which you were charged and/or convicted; and

c. The date or approximate date you were charged and/or convicted of such offense.

**RESPONSE:**

21. As to each motor vehicle accident you have been involved in for the last ten (10) years, give the following information:

a. Where it occurred (state, city, county, court);

b. When it occurred (month, day, year);

c. Any injuries claimed and when and where any claims or suits were filed; and,

d. Final disposition or current status of each traffic accident.

**RESPONSE:**

22. Give the dates, times and places, together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment to you at any time during the past ten (10) years.

**RESPONSE:**

23. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

DOCUMENT 2

24. Have you ever been deemed medically of physically unfit to drive by any company, medical provider, medical officer, or state agency? If so, please state the reasons for such a determination, the date of said determination, the time period for which you were deemed medically or physically unfit, and the steps that were followed in order for you to be deemed medically fit to drive trucks or any other commercial vehicle.

**RESPONSE:**

25. Please describe any and all surgical procedures you have undergone in the past ten (10) years including the date of the procedure, the type procedure, the treating physician, the condition for which you received the procedure, the follow-up diagnosis and any medications which you were prescribed.

**RESPONSE:**

26. Please state the number(s) for any cellular telephone(s) (whether personal or issued by Defendant FedEx, or other(s)) in your possession on the date of the collision and the name of the carrier providing service to said cellular telephone.

**RESPONSE:**

27. Have your attorneys made you aware what your liability insurance limits in this matter are limited and that any verdict in favor of the Plaintiff over and above said limits will be the responsibility of yourself and/or Defendant FedEx?

**RESPONSE:**

DOCUMENT 2

28. Have your attorneys made you aware that you may demand that your insurance company pay your insurance liability limits of to the Plaintiff and that doing so will protect yourself and/or Defendant FedEx from the responsibility of satisfying a verdict in favor of the Plaintiff which may otherwise exceed said insurance liability limits?

**RESPONSE:**

29. Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any other impeachment materials of any type or variety.

**RESPONSE:**

30. State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## REQUESTS FOR PRODUCTION

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering Defendant, its attorneys,

DOCUMENT 2

its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy

DOCUMENT 2

data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format. Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure. Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and

specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant Thomas.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1. Produce true and complete copies of any and all photographs, films, slides, videos or other graphic depictions, taken of the accident scene and the vehicles involved in the collision.

2. Produce all documents, letters, notes, memoranda, communications, or other written documents of any type whatsoever between any parties to this lawsuit which refer to or are in regard to the collision and/or damages caused thereby.

3. Produce a copy of any reports, evaluations, notes, or other written analysis by any expert you intend to call as a witness.

4. Produce a copy of any reports, evaluations, notes and other written analysis by any expert you do not intend to call as a witness.

5. Produce all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of the Plaintiff that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit. This would include but not be limited to any type of "surveillance" recording or record of the Plaintiff as they performed any activity.

6. Produce a copy of Defendant's driver's license.

7. Produce a copy of the driving record of the Defendant obtained from any office or

DOCUMENT 2

official agency of this state.

8. Produce a copy of any traffic citations or complaints relating to this collision which may have been issued to Defendant.

9. Produce copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statements, signed or otherwise adopted or approved by the Plaintiff, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff about this lawsuit and contemporaneously recorded.

10. Produce any and all drawings, maps, or sketches of the scene of the accident.

11. Produce a copy of any cell phone bill for the cell phone Defendant used for the day of the collision.

12. Produce a copy of all other lawsuits ever filed against you in the last ten (10) years.

13. Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the Defendant or the automobile being driven by Defendant at the time of the collision.

14. Produce a copy of the title to the vehicle and/or any other ownership documents regarding the vehicle driven by the Defendant.

15. Produce the records relating to repairs, maintenance, and costs of the vehicle involved in the incident.

16. Produce all documents used, referenced, or reviewed in answering the Interrogatories, which were simultaneously served herewith.

17. If you are not a citizen of the United States of America, please produce a copy of any

DOCUMENT 2

United States Work Visa, Green Card, or other document evidencing your legal status in the United States of America.

18. Produce true and complete copies of any and all medical records, medical bills, subrogation interests, and any other documents related to Plaintiff's injuries that were obtained by Defendant via subpoena.

19. Any and all documents, writing, memoranda of any kind or nature whatsoever which you intend to introduce into evidence in the trial of this action.

20. A complete list of all tangible evidence which you intend to introduce in the trial of this action, and please state when such evidence may be examined by counsel for Plaintiff.

21. Any and all technical publications, treatises, books, codes, standards, articles, statutes, ordinances, regulations or other writings or documents by whatever name described which you, your attorneys, your representatives and any witnesses (whether expert or otherwise) will offer into evidence upon the trial of this cause or which will be referred to or alluded to or used as a basis of support for any opinion to be offered or opinion or fact to be proved.

22. Produce all charts, exhibits, models, video, photograph, and any other document you may or will offer as evidence at the trial of this action which support or tend to support Defendant's position and/or affirmative defenses.

23. Produce all documents which you may use for demonstrative purposes at the trial of this action, and all documents you may use for impeachment purposes at the trial of this action.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

DOCUMENT 2

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 -** ___________ |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * * * * * * * * * * * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT THOMAS**

Comes now the Plaintiff pursuant to Rule 36 of the Alabama Rules of Civil Procedure, request that the Defendant admit or deny the following:

1. Admit that you were properly served with a copy of the Summons and Complaint in the above-styled action.

2. Admit that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit that jurisdiction and venue are proper in this case.

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**

DOCUMENT 2

**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

UNIFIED JUDICIAL SYSTEM
TENNESSEE
MISSISSIPPI
GEORGIA
FLORIDA
A.D. 1973
STATE OF ALABAMA

AlaFile E-Notice

62-CV-2025-900067.00

Judge: STEVEN R PERRYMAN

To: TUCKER AYRN MICHELLE
asedore@slocumblaw.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following matter was not served on 10/8/2025

**D001 FEDEX CORPORATION**

**Corresponding To**

REFUSED

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Darien Thomas
2707 Kingsridge Dr.
Columbus, GA 31907

9590 9402 9365 5002 4456 87

2. Article Number (Transfer from service label)

9589 0710 5270 1877 9114 96

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV25-9-67

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☑ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☑ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

10/6
10/4

---

**PATRICK CRADDOCK, CIRCUIT CLERK**
TALLAPOOSA COUNTY COURTHOUSE
125 N. BROADNAX STREET, ROOM 132
DADEVILLE, ALABAMA 36853

L/N 9/30
7/3 KB

quadient
FIRST-CLASS MAIL
US POSTAGE
36853

XIE 326 4C 18CU 7210/25/25
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

To: DARIEN THOMAS
2707 KINGSRIDGE DRIVE
COLUMBUS, GA, 31907

BC

UTF

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2024 | **SUMMONS<br>- CIVIL -** | **Court Case Number**<br>62-CV-2025-900067.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA COUNTY, ALABAMA**
**JOSHUA PRATT V. FEDEX CORPORATION ET AL**

**NOTICE TO:** DARIEN THOMAS, 2707 KINGSRIDGE DRIVE, COLUMBUS, GA 31907
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AYRN TUCKER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1967 E SAMFORD AVE, AUBURN, AL 36830 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JOSHUA PRATT *(Name(s))* pursuant to the Alabama Rules of the Civil Procedure.

09/16/2025 *(Date)* /s/ PATRICK CRADDOCK *(Signature of Clerk)* By: ________ *(Name)*

☑ Certified Mail is hereby requested. /s/ AYRN TUCKER *(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on ____________ *(Date)*.

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to ____________ *(First and Last Name of Person Served)* in ____________ *(Name of County)* County, Alabama on ____________ *(Date)*.

Document left:

☐ with above-named Defendant;
☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ____________ *(First and Last Name of Person Served)* in ____________ *(Name of County)* County, Alabama on ____________ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* *(Telephone Number of Designated Process Server)*

ELECTRONICALLY FILED
9/16/2025 2:11 PM
62-CV-2025-900067.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

State of Alabama
Unified Judicial System
Form ARCiv-93 Rev. 9/25

# COVER SHEET
# CIRCUIT COURT - CIVIL CASE
(Not For Domestic Relations Cases)

Case Number: 62
Date of Filing: 09/16/2025
Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA**
**JOSHUA PRATT v. FEDEX CORPORATION ET AL**

**First Plaintiff:** [ ] Business [x] Individual [ ] Government [ ] Other

**First Defendant:** [x] Business [ ] Individual [ ] Government [ ] Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- [ ] WDEA - Wrongful Death
- [ ] TONG - Negligence: General
- [x] TOMV - Negligence: Motor Vehicle
- [ ] TOWA - Wantonness
- [ ] TOPL - Product Liability/AEMLD
- [ ] TOMM - Malpractice-Medical
- [ ] TOLM - Malpractice-Legal
- [ ] TOOM - Malpractice-Other
- [ ] TBFM - Fraud/Bad Faith/Misrepresentation
- [ ] TOXX - Other: ____________

**TORTS: PERSONAL INJURY**
- [ ] TOPE - Personal Property
- [ ] TORE - Real Property

**OTHER CIVIL FILINGS**
- [ ] ABAN - Abandoned Automobile
- [ ] ACCT - Account & Nonmortgage
- [ ] APAA - Administrative Agency Appeal
- [ ] ADPA - Administrative Procedure Act
- [ ] ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- [ ] MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- [ ] CVRT - Civil Rights
- [ ] COND - Condemnation/Eminent Domain/Right-of-Way
- [ ] CTMP - Contempt of Court
- [ ] CONT - Contract/Ejectment/Writ of Seizure
- [ ] TOCN - Conversion
- [ ] EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- [ ] CVUD - Eviction Appeal/Unlawful Detainer
- [ ] FORJ - Foreign Judgment
- [ ] FORF - Fruits of Crime Forfeiture
- [ ] MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- [ ] PFAB - Protection From Abuse
- [ ] EPFA - Elder Protection From Abuse
- [ ] QTLB - Quiet Title Land Bank
- [ ] FELA - Railroad/Seaman (FELA)
- [ ] RPRO - Real Property
- [ ] WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- [ ] COMP - Workers' Compensation
- [ ] CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F [x] INITIAL FILING   P [ ] APPEAL FROM PROBATE COURT
A [ ] APPEAL FROM DISTRICT COURT   O [ ] OTHER

**HAS JURY TRIAL BEEN DEMANDED?** [x] YES [ ] NO

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** [x] MONETARY AWARD REQUESTED [ ] NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
SED004

9/16/2025 2:11:30 PM
Date

/s/ AYRN TUCKER
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** [ ] YES [ ] NO [x] UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** [ ] YES [ ] NO

ELECTRONICALLY FILED
9/16/2025 2:11 PM
62-CV-2025-900067.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Case No.: CV - 2025 - ________** |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * | **JURY TRIAL DEMANDED** |
| | * | |
| **Defendants.** | * | |

**COMPLAINT**

This is an action by Plaintiff, Joshua Brandon Pratt (herein after referred to as "Plaintiff"), against Defendants, Darien Montrice Thomas (herein after referred to as "Defendant Thomas"), and FedEx Corporation (herein after referred to as "Defendant FedEx") for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about January 18, 2025.

**PARTIES, JURISDICTION, VENUE**

1. Plaintiff was a resident and citizen of Tallapoosa County, Alabama at all times material to the issues in this case.

2. Upon information and belief, Defendant FedEx is a corporation, doing business in Tallapoosa County, Alabama, at all times material to the issues in this case. Defendant FedEx

DOCUMENT 2

may be served through its registered agent, CT Corporation System, at 2 North Jackson St., Ste. 605, Montgomery, AL 36104.

3. Upon information and belief, Defendant Thomas is a resident and citizen of Muscogee County, Georgia at all times material to the issues in this case and an employee and/or agent of Defendant FedEx and was doing business for said Defendant FedEx in Tallapoosa County, Alabama at all times material to the issues in this case. Defendant Thomas is being sued in both their official and individual capacities.

4. Fictitious Defendant "A," "B," and "C" are those persons or entities whose names will be substituted upon learning their true identities.

5. The motor vehicle accident that gives rise to this Complaint occurred in Tallapoosa County, Alabama.

6. Venue is proper in Tallapoosa County, Alabama.

**FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS**

7. On or about January 18, 2025, Plaintiff was traveling southbound on Dudleyville Road, in Tallapoosa County, Alabama.

8. At said time and place, Defendant Thomas, individually and as an agent, servant and/or employee of Defendant FedEx, was traveling southbound on Dudleyville Road throwing mud with the emergency flashers activated, in Tallapoosa County, Alabama.

9. At said time and place, Plaintiff saw an opening to go around Defendant Thomas.

10. At said time and place, Defendant Thomas abruptly turned left and caused and/or allowed the vehicle they were operating to collide with the Plaintiff's motorcycle causing Plaintiff to run off the road into a barbed wire fence.

DOCUMENT 2

11. At the time of the collision, Defendant Thomas was an employee and/or agent of Defendant FedEx and was operating within the line and scope of his employment and/or agency of Defendant FedEx, at all times material to the issues in this case.

12. Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendants and/or Fictitious Defendants.

**COUNT ONE – NEGLIGENCE**
**(Defendant FedEx and Defendant Thomas)**

13. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

14. At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Thomas operated said vehicle in such a negligent manner as to cause said vehicle to collide with the vehicle in which Plaintiff was operating, cause said vehicle to be damaged beyond reasonable repair, and cause serious injury to the Plaintiff.

15. In causing said vehicle to collide with the vehicle in which Plaintiff was operating, Defendant FedEx's agent and/or employee, Defendant Thomas:

a) Negligently failed to exercise ordinary care.
b) Negligently failed to keep a proper look out.
c) Negligently failed to maintain proper control of said vehicle.
d) Negligently failed to yield to the Plaintiff.
e) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public roadway at said time and place.

16. Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Thomas, on said occasion, constitutes common law negligence. The Plaintiff further

avers that the acts and conduct of the said Defendant Thomas, on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

17. As the proximate consequence of said negligence, Defendant FedEx's agent and/or employee, Defendant Thomas, in violating said statutes and in colliding with the vehicle in which Plaintiff was operating, the Plaintiff was caused to sustain serious injuries.

18. Plaintiff avers that said negligent acts and conduct of the said Defendant Thomas, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Thomas, are jointly and severally liable for the serious injuries of the Plaintiff, as a result of said negligent acts and conduct of the said Defendant Thomas.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT TWO – RECKLESSNESS AND WANTONNESS**
**(Defendant FedEx and Defendant Thomas)**

19. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

20. At said time and place, Defendant FedEx's agent and/or employee, Defendant Thomas had more training and more experience than the average motorist.

21. At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant FedEx, Defendant Thomas operated said vehicle in such a reckless and wanton manner as to cause said vehicle to collide with the vehicle which Plaintiff was operating, cause said vehicle to be damaged beyond reasonable repair, and cause serious injury to the Plaintiff.

DOCUMENT 2

22. In causing said vehicle to collide with the vehicle in which Plaintiff was operating, Defendant FedEx's agent and/or employee, Defendant Thomas:

a) Recklessly and Wantonly failed to exercise ordinary care.

b) Recklessly and Wantonly failed to keep a proper look out.

c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

d) Recklessly and Wantonly failed to yield to the Plaintiff.

e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public roadway at said time and place.

23. Plaintiff avers that the acts and conduct of Defendant FedEx's agent and/or employee, Defendant Thomas, on said occasion, constitute statutory recklessness and wantonness. The Plaintiff further avers that the acts and conduct of the said Defendant Thomas, on said occasion, were in violation of one or more of the Rules of the Road for the State of Alabama.

24. As the proximate consequence of said recklessness and wantonness of Defendant FedEx's agent and/or employee, Defendant Thomas, in violating said statutes and in colliding with the Plaintiff's vehicle, Plaintiff was caused to sustain serious injuries.

25. Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Thomas, on said occasion, are imputed to Defendant FedEx, and Defendant FedEx and Defendant Thomas, are jointly and severally liable for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Thomas.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees, to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

DOCUMENT 2

**COUNT THREE – NEGLIGENT ENTRUSTMENT**
**(Defendant FedEx)**

26. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

27. The Plaintiff avers that on the occasion made the basis of this case, Defendant FedEx negligently entrusted said vehicle to the said Defendant Thomas; that the said Defendant Thomas was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant FedEx knew, or by the exercise of reasonable care should have known, that the said Defendant Thomas was unsuitable to have said vehicle entrusted to them.

28. Plaintiff further avers that said negligent entrustment of said vehicle is combined with the negligent acts and conduct of Defendant Thomas and is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees, to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT FOUR – NEGLIGENT HIRING, TRAINING, RETENTION, AND SUPERVISION**
**(Defendant FedEx)**

29. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

30. Plaintiff avers that Defendant FedEx, hired, trained, retained and supervised Defendant Thomas as a driver for a vehicle.

31. Plaintiff avers that the Defendant FedEx:

a) Acted in a negligent manner in hiring Defendant Thomas as a vehicle driver;

DOCUMENT 2

b) Acted in a negligent manner in retaining Defendant Thomas as a vehicle driver;

c) Acted in a negligent manner in failing to properly train, monitor, and supervise Defendant Thomas as a vehicle driver; and

d) Acted in a negligent manner in failing to instill in Defendant Thomas qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which Defendant FedEx entrusted to Defendant Thomas as a vehicle driver on the public roadways.

32. Plaintiff further avers that the serious injuries of the Plaintiff are the proximate results of said negligence of Defendant FedEx in the hiring, training, retention, monitoring, and supervision of Defendant Thomas as a vehicle driver on the public roadways.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, court costs, and attorney's fees to which Plaintiff is entitled. Further, Plaintiff demands punitive damages in such an amount as this Court may determine.

**COUNT FIVE – FICTITIOUS DEFENDANTS**

33. Plaintiff hereby re-alleges, adopts, and incorporates by reference the allegations of the preceding paragraphs of the Complaint.

34. Fictitious Defendants "A," "B," and "C," whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the Plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A," "B," and "C," both jointly and severally, for all compensatory damages, court costs, and attorney's fees to

which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This September 16, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E. Samford Ave.
Auburn, Alabama 36830
Tel. No. (334) 741-4110
Fax No. (888)-853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 - ________** |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * * * * * * * * * * * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FEDEX**

Comes now the Plaintiff, by counsel, and propounds the following Interrogatories to the Defendant, FedEx Corporation, (herein after referred to as "Defendant FedEx"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof:

**Definitions and Instructions**

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

DOCUMENT 2

d. Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the person or persons mentioned in clause (d).

**INTERROGATORIES**

1. Please identify yourself by stating the following: in what capacity you are authorized to respond to these Interrogatories on behalf of this Defendant, your full name, current home address and home addresses for the past ten (10) years, date of birth, social security number, your affiliation to this Defendant, the length of time employed by this Defendant, current title and position, and positions held by you for the last ten (10) years, as well as the complete legal name of this Defendant, any trade name by which this Defendant is identified or under which this Defendant conducts business, any parent companies or subsidiaries and the address and telephone number of your principal office.

**RESPONSE:**

2. Please state the correct legal name of Defendant FedEx.

**RESPONSE:**

3. State the name and address of the owner and all occupants of this Defendant's vehicle at the time of the Collision.

**RESPONSE:**

DOCUMENT 2

4. State whether at the time of the Collision, Defendant Thomas, was acting within the line and scope of their employment with this Defendant.

**RESPONSE:**

5. Identify any other individual, entity or entities, other than those named defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit. If you contend that the Plaintiff is liable, please explain how and why.

**RESPONSE:**

6. With respect to the vehicle involved in the Collision, give its complete configuration (including at least the following information): The make(s), model(s), and type(s) of brakes located on said vehicle.

**RESPONSE:**

7. Was the vehicle involved in this Collision equipped with any event data recording, GPS location devices, speed control devices, or other electronic equipment designed to capture or limit the location and/or operation of the vehicle operated by Defendant Thomas? If so, please describe:

a. The name of the equipment or device;

b. The manufacturer of the equipment or device;

c. Whether information has been printed, captured or derived from the equipment and/or device regarding vehicle and/or Collision;

d. Who has possession of any data or information; and,

DOCUMENT 2

e. If the speed of the vehicle was governed, please describe the equipment and speed limit used to govern speed.

**RESPONSE:**

8. Was a urine sample or blood sample taken from Defendant Thomas within thirty-two (32) hours of the Collision and, if not, why not? If the answer is in the affirmative, please that the results of said urine and/or blood sample and the person(s), corporation(s), lab(s) or health care facility responsible for conducting said urine and/or blood sample.

**RESPONSE:**

9. Identify any individual, or anyone acting on this Defendant's behalf, who has personal knowledge of the facts and circumstances of this case, including eyewitnesses, people claiming to be eyewitnesses and any individuals who arrived on the scene within five (5) hours after the Collision, and the nature of your and/or this Defendant's relationship to each person. Please provide the person's full name and address, giving the street, street numbers, city and state, of every witness know to you and your attorneys, who has knowledge regarding facts and circumstances surrounding the happening of the Collision, including, but not limited to, eyewitnesses to such Collision or events.

**RESPONSE:**

10. Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or

DOCUMENT 2

reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability or excess insurance coverage.

**RESPONSE:**

11. State all prior motor vehicle accidents involving Defendant FedEx, for the three (3) year period preceding date of collision.

**RESPONSE:**

12. If anyone investigated the Collision for this Defendant, including experts, private investigators or insurance adjusters, state their name(s) and address(es), and state whether such investigation was reduced to writing, and the substance of their investigation and findings. If said investigator obtained any signed, recorded, transcribed or oral statement from any individual, identify the person who gave the statement and the present custodian of such statement.

**RESPONSE:**

13. State the name and address and telephone number of each person having any knowledge related to the Collision.

**RESPONSE:**

14. If you know of the existence of any pictures, photographs, plats, visual recorded images, police reports, diagrams or objects relative to the Collision, the Plaintiffs' physical condition, or the scene of the Collision, identify the substance of such recording and the present custodian of each such item.

**RESPONSE:**

15. Do you know of any statement, conversation, comment, testimony or report made by any party to this lawsuit, individual or witness, including Plaintiffs, made at the time of the occurrence or following the occurrence, concerning the occurrence or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment or report, the place where it took place, the name, address and telephone number from whom the statement was taken or made, and the custodian of such statement.

**RESPONSE:**

16. With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

a. His/her name, address, and telephone number;

b. The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c. The field in which he/she is to be offered as an expert;

d. A summary of his/her qualifications within the field in which he/she is expected to testify;

e. The substance of the facts to which he/she is expected to testify; and,

f. The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

17. If this Defendant or anyone on behalf of this Defendant has or knows of any photographs or motion pictures of the persons, places or things involved in the Collision and/or the scene of the Collision, please describe each by subject matter, date taken, and the name and address of such person who has possession, custody or control of such photographs or motion pictures, or copies of same.

**RESPONSE:**

18. List any and all articles, or authoritative materials, statutes, ordinances or codes that this Defendant intends to use, refer to, or present at the trial of this case.

**RESPONSE:**

19. Please state the identity of any person, firm or corporation including their name, address, qualifications, who may have downloaded any event data information or information from an electronic data recorder or GPS on board the vehicle being operated by Defendant Thomas at the time of the Collision.

**RESPONSE:**

20. State whether you have information about whether Defendant Thomas consumed any alcoholic beverages or drugs, prescription, over the counter, or illicit, within eight (8) hours prior to the Collision, and if the answer is in the affirmative, state where they were obtained and consumed and the nature and amount thereof.

**RESPONSE:**

DOCUMENT 2

21. State the full itinerary for the forty-eight (48) hours immediately preceding the occurrence of Defendant Thomas's and the vehicle involved in the occurrence, stating the place and time of the beginning of each trip, the routes taken, the final destination, and the anticipated time of arrival at that destination.

**RESPONSE:**

22. Please state with specificity exactly how the Collision took place and include in your answer the date, time and location of the Collision, description of the vehicles (including make, model, year), where the vehicles were just prior to the Collision, how far apart the vehicles were just prior to impact, the speed of each vehicle just before the Collision, the exact location of each vehicle in relation to the roadway prior to the Collision, and where the vehicles came to rest.

**RESPONSE:**

23. Did you, your agents, servants, employees or representatives have any conversation or contact with any of the parties to this lawsuit, any witness to the accident, or any investigator of the occurrence? If so, state the substance of such conversations and outline the contact.

**RESPONSE:**

24. What maintenance had been performed on the vehicle of the subject vehicle for the 6 months prior to the collision. For each such maintenance, please list the following:

a. What prompted the maintenance visit;

b. Who performed the maintenance;

c. Who diagnosed the necessity for maintenance;

d. What diagnosis was rendered;

e. When were the repairs performed;

f. What, if any, parts were replaced; and,

g. Did the problem reoccur? If so, when?

**RESPONSE:**

25. Please list all prior or subsequent accidents in which Defendant Thomas has been involved, either with other persons or with property. Please include the name of any other driver or property owner involved, the location of the collision, the date and time of the collision, and disposition of the matter.

**RESPONSE:**

26. Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any other impeachment materials of any type or variety.

**RESPONSE:**

27. State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

DOCUMENT 2

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

## REQUESTS FOR PRODUCTION

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering defendant, its attorneys, its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of

meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format. Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege,

DOCUMENT 2

you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure. Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant FedEx.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

**DOCUMENTS REQUESTED**

1. Produce any and all safety audits and accident reports filed by Defendant for the year of this collision and three years prior.

2. Produce all photographs which depict the accident scene and/or any of the vehicles involved in the collision at the scene of the collision, or anytime after.

3. Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all other information which has anything to do with the collision at issue.

DOCUMENT 2

4. Produce all policies including liability, general liability, excess umbrella for the vehicle and any other insurance that will cover or arguably cover this collision.

5. Please produce a copy of any and all pre-maintenance inspection reports for the vehicle occupied by Defendant Thomas on the date of the collision and for six months prior.

6. Please produce any and all medical records of Defendant Thomas.

7. Produce a copy of the driver manual or handbook issued to Defendant Thomas.

8. As to Defendant Thomas, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

a. Qualification file;

b. Personnel file;

c. Any and all written tests;

d. Any and all disciplinary actions;

e. Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

f. Results of all drug and alcohol tests;

g. Documentation given at driver safety meetings, including visual aids;

h. Documentation regarding phone calls to and from Defendant Thomas regarding the accident at issue.

9. Produce any and all documents and records (*including documents which are not now in existence but which can be generated by computer from information stored by or in computers*) which have anything to do with Defendant Thomas, the collision at issue, and the vehicle involved in said collision, including but not limited to, the following:

a. Registration and Title;

DOCUMENT 2

b. Bill of Sale;

c. Repairs from all previous collisions involving the vehicle in question;

d. Documentation regarding phoned in reports concerning the accident at issue;

e. All documentation indicating the collision at issue was non-preventable;

f. All documentation indicating the collision at issue was preventable.

10. To the extent not already produced, please produce all records of Defendant FedEx for the 7 days prior to the collision and for the day of the collision. Specifically, produce the following materials:

a. Fuel billing statements;

b. Toll receipts;

c. Accident reports;

d. Telephone billing statements;

e. Credit card receipts;

f. On-board GPS reports;

g. Traffic citations; and

h. Other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

11. Please produce all documents which you may use for demonstrative purposes and/or impeachment purposes at the trial of this action.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

DOCUMENT 2

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| ***v.*** | * | **Case No.: CV - 2025 -** ______ |
| | * | |
| **DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,** | * * * * * * * * * * * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT FEDEX**

Comes now the Plaintiff, pursuant to Rule 36 of the Alabama Rules of Civil Procedure, and request that the Defendant, admit or deny the following:

1. Admit or Deny that Defendant FedEx was properly served with a copy of the Summons and Complaint in the above-styled action.

2. Admit or Deny that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit or Deny that jurisdiction and venue are proper in this case.

4. Admit or Deny that Defendant FedEx received a spoliation letter.

5. Admit or Deny that the spoliation letter was received by Defendant FedEx on February 24, 2025.

DOCUMENT 2

6. Admit or Deny that there is video or dashcam footage of the collision that is the subject of this cause of action.

7. Admit or Deny that Defendant FedEx is in possession of video or dashcam footage of the collision that is the subject of this cause of action.

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,**<br><br>**Plaintiff,**<br><br>***v.***<br><br>**DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,**<br><br>**Defendants.** | * | **Case No.: CV - 2025 - __________** |

**PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THOMAS**

Comes now the Plaintiff, by counsel, and propounds the following Interrogatories to the Defendant, Darien Montrice Thomas (herein after referred to as "Defendant Thomas"), pursuant to Rule 33 of the A.R.C.P. to be answered under oath within 45 days of service hereof.

**Definitions and Instructions**

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Where the name of a person is requested, indicate the full name, home and business address and home and business telephone number of such person.

c. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

DOCUMENT 2

d. Where information of knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

e. The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the person or persons mentioned in clause (d).

**INTERROGATORIES**

1. Please identify yourself by stating your full name, present address, date and place of birth, social security number, and name of spouse.

**RESPONSE:**

2. Please identify, by giving the name, address, and last known telephone number, each and every person known to you and/or to your attorneys who has firsthand knowledge of the events and conditions set out in the Complaint.

**RESPONSE:**

3. Please state the full name, address, and telephone number of each person who, to your knowledge or your agents or attorneys, was present at the scene of the occurrence which is the subject of this claim, either, immediately before, immediately after, or during such occurrence.

**RESPONSE:**

4. Please identify each and every witness you intend to call at the trial of this cause including the substance of his or her expected testimony.

**RESPONSE:**

5. With respect to expert witnesses whom you will call or may call as experts to give testimony at the trial of this matter, please state the following:

a. His/her name, address, and telephone number;

b. The name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c. The field in which he/she is to be offered as an expert;

d. A summary of his/her qualifications within the field in which he/she is expected to testify;

e. The substance of the facts to which he/she is expected to testify; and,

f. The substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

**RESPONSE:**

6. Please give a full description of each and every document which you intend to introduce into evidence at the trial of this cause.

**RESPONSE:**

7. Please state the dollar amount of liability insurance coverage available in this action. This includes but is not limited to primary liability policies, secondary liability policies, excess coverage policies, umbrella policies, etc.

**RESPONSE:**

DOCUMENT 2

8. Describe completely and in detail the vehicle occupied or owned by you on the occasion of the occurrence made the basis of this suit, stating in your answer the owner of said motor vehicle on the date of the occurrence, the driver of said vehicle on the date of the occurrence, make, model, year, body style of said motor vehicle, the cargo contained in the vehicle at the time of the occurrence, and weight of cargo at the time of the occurrence.

**RESPONSE:**

9. Describe in chronological order the events of the prior 24 hours leading up to the collision. Please include in your response whether you consumed any alcoholic beverages, drugs, or medications of any kind whatsoever, including prescriptions drugs, within twenty-four (24) hours preceding the collision. If the answer is in the affirmative, please state the amount and the time at which such beverage, drug, or medication was consumed (if you had consumed medication, please state the purpose for taking said medication). Additionally, please state any prescriptions drugs which you should have taken in accordance with a medical provider's instructions but failed to do so.

**RESPONSE:**

10. As to the trip in which you were engaged at the time of the collision made the basis of this suit, give the following information:

a. The date, place and time you started the trip;

b. The places and times you stopped for any reason on the trip in question prior to impact with the vehicle being driven by Plaintiff, and,

c. Did you continue the trip in question after you were released from the scene by

DOCUMENT 2

the authorities? If not, where did you go and what did you do?

**RESPONSE:**

11. Describe in your own words how the collision occurred or why the collision occurred. Please include the following in your response:

a. Your estimate of the speed the vehicle you were operating just prior to the impact with the Plaintiff;

b. The location of the Plaintiff when you first observed them in relation to the time of the collision;

c. Any evasive maneuvers taken by you or the Plaintiff;

d. The location and speed, if applicable, of any and all other vehicles in front of you as you approached the intersection where the collision occurred;

e. Whether you applied your brakes at any time before the collision;

f. Whether or not your brakes locked or your wheels skidded prior to the impact.

**RESPONSE:**

12. Identify any other individual, entity or entities other than those named Defendants in this cause which may be liable or responsible for the collision made the basis of this lawsuit.

**RESPONSE:**

13. If any of the vehicles involved in the collision had defective equipment, describe each defective piece of equipment specifically and in detail.

**RESPONSE:**

DOCUMENT 2

14. Detail each complaint you made about defects and needed repairs and maintenance of the vehicle in which you were an occupant at the time of the collision made the basis of this suit for the six (6) month period prior to this collision, together with the exact dates of each complaint and the extent to which such complaints were satisfied or not satisfied.

**RESPONSE:**

15. What trip expenses were incurred by you on the trip in question prior to the collision at issue (i.e., including credit cards and cash expenses). In response to this interrogatory, please state the name of the business where each expense was incurred, the address of each such business, and the approximate time of each such expense. Further, produce a copy of any and all trip receipts of any kind or nature.

**RESPONSE:**

16. Please state whether, at the time of the occurrence which is the subject of this claim, you had a prescription for glasses or corrective lenses. If so, state whether or not you were wearing such glasses or corrective lenses at the time of the occurrence.

**RESPONSE:**

17. Please list each and every medical provider from whom you have received treatment, consulting, review, examination and/or advice from the last ten (10) years through present. The term "medical provider" includes, but is not limited to emergency medical services, ambulance, doctors, hospitals, nurses, chiropractors, physical therapists, alcohol and/or drug treatment

DOCUMENT 2

providers, rehabilitation therapists, mental health providers or facilitates, surgeons or other health care providers of any nature whatsoever. For each medical provider, please state: provider's name, provider's address, provider's specialty; reason for seeing provider, treatment received, diagnosis given, and medications prescribed.

**RESPONSE:**

18. For the last ten (10) years, please provide the name of your health insurance provider, including the group number, contract number and the name under which coverage is secured.

**RESPONSE:**

19. Provide a list of all medications, prescribed and/or over the counter, that you were taking or had taken in the one-year period prior to the date of the collision, and include in your answer the following:

a. The name and address of the doctor, hospital, or clinic, who prescribed, sold or provided these medications;

b. The health condition for which you took each medication;

c. The dosage you ingested daily;

d. The name and address of each pharmacy, whether private or governmental, that has filed any prescription for you in the last ten (10) years.

**RESPONSE:**

20. State if you have ever been charged with or convicted of any criminal offense, including traffic violations. If your answer is in the affirmative, state:

DOCUMENT 2

a. The name of the offense with which you were charged and/or convicted;

b. The state, county and city in which you were charged and/or convicted; and

c. The date or approximate date you were charged and/or convicted of such offense.

**RESPONSE:**

21. As to each motor vehicle accident you have been involved in for the last ten (10) years, give the following information:

a. Where it occurred (state, city, county, court);

b. When it occurred (month, day, year);

c. Any injuries claimed and when and where any claims or suits were filed; and,

d. Final disposition or current status of each traffic accident.

**RESPONSE:**

22. Give the dates, times and places, together with the names and addresses of persons and organizations who have provided drug or alcohol counseling or treatment to you at any time during the past ten (10) years.

**RESPONSE:**

23. Have you ever had your driver's license revoked or suspended prior to the incident which is the subject of this lawsuit and, if so, please set forth the state which revoked or suspended such license and the reason for such revocation or suspension.

**RESPONSE:**

24. Have you ever been deemed medically of physically unfit to drive by any company, medical provider, medical officer, or state agency? If so, please state the reasons for such a determination, the date of said determination, the time period for which you were deemed medically or physically unfit, and the steps that were followed in order for you to be deemed medically fit to drive trucks or any other commercial vehicle.

**RESPONSE:**

25. Please describe any and all surgical procedures you have undergone in the past ten (10) years including the date of the procedure, the type procedure, the treating physician, the condition for which you received the procedure, the follow-up diagnosis and any medications which you were prescribed.

**RESPONSE:**

26. Please state the number(s) for any cellular telephone(s) (whether personal or issued by Defendant FedEx, or other(s)) in your possession on the date of the collision and the name of the carrier providing service to said cellular telephone.

**RESPONSE:**

27. Have your attorneys made you aware what your liability insurance limits in this matter are limited and that any verdict in favor of the Plaintiff over and above said limits will be the responsibility of yourself and/or Defendant FedEx?

**RESPONSE:**

28. Have your attorneys made you aware that you may demand that your insurance company pay your insurance liability limits of to the Plaintiff and that doing so will protect yourself and/or Defendant FedEx from the responsibility of satisfying a verdict in favor of the Plaintiff which may otherwise exceed said insurance liability limits?

**RESPONSE:**

29. Please list all materials reasonably expected or intended to be used at trial for attempted impeachment of Plaintiff, including depositions, medical literature and any other impeachment materials of any type or variety.

**RESPONSE:**

30. State the name, address and telephone number of any individual having knowledge of any matter relevant to the issues in this lawsuit, including any individual having knowledge to be used in the impeachment of any witness or party.

**RESPONSE:**

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

**REQUESTS FOR PRODUCTION**

These Requests for Production are intended to be continuing in nature. Therefore, if at any time after the submission of your responses to these requests any additional or supplemental information, documents or records, becomes known to this answering Defendant, its attorneys,

its agents, it servants or its employees, then Plaintiff hereby requests that their responses to these requests be amended and submitted as amended to the Plaintiff so as to supply such additional supplemental information.

The term "document" is used in the broadest possible sense, meaning anything that may be considered to be a document within the meaning of the Alabama Rules of Civil Procedure and means and includes, without limitation, any written, printed, typed, photostatic, photographic, recorded or otherwise reproduced communication or representation, whether comprised of letters, words, numbers, pictures, sound or symbols, or any combination thereto. This definition likewise includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements, work papers, accounts, local records, reports and/or summaries of investigation, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes or minutes of meeting, or other communications of any type, including inter-office and intra-office communications, questionnaires, surveys' charts, graphs, photographs, recordings, tapes, discs, data cells, printouts, and all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. Documents are defined herein specifically includes electronic versions and computerized formats of all the foregoing and shall also include electronic communications, whether maintained presently in the normal course of business or available in backup or legacy

DOCUMENT 2

data formats, wherever found or maintained, including all servers, hard drives, laptops, and firewalls.

When producing documents, if maintained in electronic format or presently in an electronic format, these shall be produced in electronic format. If a file was maintained in a format compatible with commonly available PC software, it should be produced in the format in which it was maintained. For example, databases should be produced in either Microsoft Access format or Commodore Delimited ASCII; spreadsheets should be produced as Microsoft Excel or comparable spreadsheet files; presentations should be produced as Microsoft Power Point or comparable format. Because of the variables that may exist in electronic production, the undersigned is willing to "meet and confer" in order to work out the protocols and variables in such production.

Documents requested and produced herein shall be organized and labeled to correspond with the categories in this request or they shall be produced as kept in the ordinary course of business.

If you withhold any document due to a claim of attorney-client privilege, an assertion of work product doctrine, or any other claim of privilege, including a quality assurance privilege, you must provide a detailed privilege log to substantiate such claim or assertion in accord with Rule 34 of the Alabama Rules of Civil Procedure. Consider this a formal request for such a log pursuant to the aforementioned Rule. Such log should identify each document withheld with particularity and state the following: (1) the specific subject matter of such document; (2) the particular length of such document; (3) each person to whom such document was addressed, copied or blind copied; (4) the preparer and/or author of such document; (5) the particular and

DOCUMENT 2

specific reason(s) why such document is considered to be privileged from disclosure. Any such privilege log should be produced at or prior to the time a response is required under Rule 34.

The term "you" or "your" shall be construed to mean Defendant Thomas.

When producing deposition transcripts, please produce travel sized transcript copies provided such transcripts contain the same testimony and information as full-sized deposition transcripts. If such information differs between the two, please produce all copies of any such transcripts.

## DOCUMENTS REQUESTED

1. Produce true and complete copies of any and all photographs, films, slides, videos or other graphic depictions, taken of the accident scene and the vehicles involved in the collision.

2. Produce all documents, letters, notes, memoranda, communications, or other written documents of any type whatsoever between any parties to this lawsuit which refer to or are in regard to the collision and/or damages caused thereby.

3. Produce a copy of any reports, evaluations, notes, or other written analysis by any expert you intend to call as a witness.

4. Produce a copy of any reports, evaluations, notes and other written analysis by any expert you do not intend to call as a witness.

5. Produce all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of the Plaintiff that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit. This would include but not be limited to any type of "surveillance" recording or record of the Plaintiff as they performed any activity.

6. Produce a copy of Defendant's driver's license.

7. Produce a copy of the driving record of the Defendant obtained from any office or

DOCUMENT 2

official agency of this state.

8. Produce a copy of any traffic citations or complaints relating to this collision which may have been issued to Defendant.

9. Produce copies of any and all statements previously made by the Plaintiff concerning the subject matter of this lawsuit, including any written statements, signed or otherwise adopted or approved by the Plaintiff, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff about this lawsuit and contemporaneously recorded.

10. Produce any and all drawings, maps, or sketches of the scene of the accident.

11. Produce a copy of any cell phone bill for the cell phone Defendant used for the day of the collision.

12. Produce a copy of all other lawsuits ever filed against you in the last ten (10) years.

13. Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the Defendant or the automobile being driven by Defendant at the time of the collision.

14. Produce a copy of the title to the vehicle and/or any other ownership documents regarding the vehicle driven by the Defendant.

15. Produce the records relating to repairs, maintenance, and costs of the vehicle involved in the incident.

16. Produce all documents used, referenced, or reviewed in answering the Interrogatories, which were simultaneously served herewith.

17. If you are not a citizen of the United States of America, please produce a copy of any

DOCUMENT 2

United States Work Visa, Green Card, or other document evidencing your legal status in the United States of America.

18. Produce true and complete copies of any and all medical records, medical bills, subrogation interests, and any other documents related to Plaintiff's injuries that were obtained by Defendant via subpoena.

19. Any and all documents, writing, memoranda of any kind or nature whatsoever which you intend to introduce into evidence in the trial of this action.

20. A complete list of all tangible evidence which you intend to introduce in the trial of this action, and please state when such evidence may be examined by counsel for Plaintiff.

21. Any and all technical publications, treatises, books, codes, standards, articles, statutes, ordinances, regulations or other writings or documents by whatever name described which you, your attorneys, your representatives and any witnesses (whether expert or otherwise) will offer into evidence upon the trial of this cause or which will be referred to or alluded to or used as a basis of support for any opinion to be offered or opinion or fact to be proved.

22. Produce all charts, exhibits, models, video, photograph, and any other document you may or will offer as evidence at the trial of this action which support or tend to support Defendant's position and/or affirmative defenses.

23. Produce all documents which you may use for demonstrative purposes at the trial of this action, and all documents you may use for impeachment purposes at the trial of this action.

You are reminded under the provisions of Rule 26(e), Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses under certain circumstances.

DOCUMENT 2

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

DOCUMENT 2

**IN THE CIRCUIT COURT FOR TALLAPOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **JOSHUA BRANDON PRATT,**<br><br>**Plaintiff,**<br><br>***v.***<br><br>**DARIEN MONTRICE THOMAS, FEDEX CORPORATION, and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained,**<br><br>**Defendants.** | * * * * * * * * * * * * * * * * * * | **Case No.: CV - 2025 - __________** |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT THOMAS**

Comes now the Plaintiff pursuant to Rule 36 of the Alabama Rules of Civil Procedure, request that the Defendant admit or deny the following:

1. Admit that you were properly served with a copy of the Summons and Complaint in the above-styled action.

2. Admit that your name, as listed in the Complaint, is stated and spelled correctly.

3. Admit that jurisdiction and venue are proper in this case.

This September 12, 2025.

Respectfully submitted,

*/s/ Ayrn Tucker*
AYRN TUCKER (SED004)
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**

**SLOCUMB LAW FIRM, LLC**
1967 E Samford Ave.
Auburn, AL 36830
Tel. No. (334) 741-4110
Fax No. (888) 853-2247

## REQUEST FOR SERVICE OF PROCESS

The Plaintiff hereby requests that the foregoing be served with the Summons and Complaint in this case on the following Defendants by Certified Mail at their respective mailing address as follows:

**FedEx Corporation**
Registered Agent: CT Corporation System
2 North Jackson Street, Ste. 605
Montgomery, AL 36104

**Darien Montrice Thomas**
2707 Kingsridge Dr.
Columbus, GA 31907

*/s/ Ayrn Tucker*
AYRN TUCKER
OF COUNSEL

AlaFile E-Notice

62-CV-2025-900067.00

Judge: STEVEN R PERRYMAN

To: TUCKER AYRN MICHELLE
asedore@slocumblaw.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following matter was not served on 10/25/2025

D002 THOMAS DARIEN
Corresponding To
UNDELIVERABLE

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

DOCUMENT 4

ELECTRONICALLY FILED
11/6/2025 10:27 AM
62-CV-2025-900067.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

State of Alabama
Unified Judicial System
Form C-34 Rev. 4/2024

# SUMMONS
# - CIVIL -

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA
JOSHUA PRATT V. FEDEX CORPORATION ET AL

**NOTICE TO:** FEDEX CORPORATION, 2 N JACKSON ST, #605, MONTGOMERY, AL 36104
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
AYRN TUCKER ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 1967 E SAMFORD AVE, AUBURN, AL 36830 .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of JOSHUA PRATT *[Name(s)]* pursuant to the Alabama Rules of the Civil Procedure.

09/16/2025 *(Date)* /s/ PATRICK CRADDOCK *(Signature of Clerk)* By: ______ *(Name)*

☑ Certified Mail is hereby requested. /s/ AYRN TUCKER *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on ______ *(Date)*.

*Personal/Authorized*

☒ I certify that I personally delivered a copy of this Summons and the Complaint or other document to Tiffany Ford To CT Corp for FedEx Corp *(First and Last Name of Person Served)* in Montgomery *(Name of County)* County, Alabama on 10-23-25 *(Date)*.

Document left:

☐ with above-named Defendant;
☒ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;
☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was returned- Not Found
☐ I certify that service of process of this Summons and the Complaint or other document was refused by ______ *(First and Last Name of Person Served)* in ______ *(Name of County)* County, Alabama on ______ *(Date)* who is:

☐ the above-named Defendant;
☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

Private LAV 213 *(Type of Process Server)* [signature] *(Server's Signature)* PO Box 241806 Mont al 36124 *(Address of Server)*

Process Server 9387 *(Badge or Precinct Number of Sheriff or Constable)* CL Henderson *(Server's Printed Name)*

______ *(Badge or Precinct Number of Sheriff or Constable)* 334-618-0498 *(Telephone Number of Designated Process Server)*

AlaFile E-Notice

62-CV-2025-900067.00

To: AYRN TUCKER
asedore@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following RETURN ON SERVICE - SERVED was FILED on 11/6/2025 10:27:37 AM

Notice Date: 11/6/2025 10:27:37 AM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

AlaFile E-Notice

62-CV-2025-900067.00

To: FEDEX CORPORATION (PRO SE)
2 N JACKSON ST, #605
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following RETURN ON SERVICE - SERVED was FILED on 11/6/2025 10:27:37 AM

Notice Date: 11/6/2025 10:27:37 AM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

AlaFile E-Notice

62-CV-2025-900067.00

To: THOMAS DARIEN (PRO SE)
2707 KINGSRIDGE DRIVE
COLUMBUS, GA, 31907-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following RETURN ON SERVICE - SERVED was FILED on 11/6/2025 10:27:37 AM

Notice Date: 11/6/2025 10:27:37 AM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov

AlaFile E-Notice

62-CV-2025-900067.00

To: AYRN TUCKER
asedore@slocumblaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

JOSHUA PRATT V. FEDEX CORPORATION ET AL
62-CV-2025-900067.00

The following RETURN ON SERVICE - SERVED was FILED on 11/6/2025 10:27:37 AM

Notice Date: 11/6/2025 10:27:37 AM

PATRICK CRADDOCK
CIRCUIT COURT CLERK
TALLAPOOSA COUNTY, ALABAMA
125 NORTH BROADNAX
DADEVILLE, AL, 36853

256-825-1098
patrick.craddock@alacourt.gov